**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

KELLEY ANDREE RAPHAEL,

                         Debtor.

Chapter 7

Case No. 20–70162 (AST)

## NOTICE OF AMENDMENT

TO:    ALL CREDITORS AND PARTIES-IN-INTEREST
         PURSUANT TO E.D.N.Y. LBR 1009-1(b):

**PLEASE TAKE NOTICE** that, pursuant to Rule 1009(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), an amendment to *Schedule C: Property Claimed as Exempt*, originally filed on January 23, 2020 [Doc. No. 14] by the above-captioned debtor, is transmitted herewith.

**PLEASE TAKE FURTHER NOTICE** that any objections to the debtor's claim of exemptions, as amended, must be filed within 30 days after the date of the filing of the amendment, or as may otherwise be provided in Bankruptcy Rule 4003(b).

Dated: New York, New York
        February 28, 2020

                                          **ROSEN & ASSOCIATES, P.C.**
                                          *Counsel to the Debtor*

                                          By: _____
                                                   Paris Gyparakis

                                          747 Third Avenue
                                          New York, NY 10017 2803
                                          (212) 223-1100

**United States Bankruptcy Court**
**Eastern District of New York**

In re  **Kelley Andree Raphael**  Case No.  **20-70162**
Debtor(s)  Chapter  **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing *Schedule C: Exempt Property*, consisting of  **2**  page(s), and that they are true and correct to the best of my knowledge, information, and belief.

Date  **February 28, 2020**  Signature  **/s/ Kelley Andree Raphael**
**Kelley Andree Raphael**
Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

| **Fill in this information to identify your case:** | | | |
|---|---|---|---|
| Debtor 1 | **Kelley** | **Andree** | **Raphael** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF NEW YORK | | |
| Case number (if known) | **20-70162** | | |

■ Check if this is an amended filing

# Official Form 106C
## Schedule C: The Property You Claim as Exempt    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Residence: 1517 Broadway, Hewlett, NY**<br>Line from *Schedule A/B*: **1.1** | $412,729.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5206**<br><br>(estimated $142,511) |
| **Debtor's vehicle**<br>Line from *Schedule A/B*: **3.1** | $3,000.00 | ■ $3,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Debtor & Creditor Law § 282(1)** |
| **Various household goods and furnishings listed on Schedule A: No. 6**<br>Line from *Schedule A/B*: **6.1** | $1,750.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(5)** |
| **Various household goods and furnishings listed on Schedule A: No. 6**<br>Line from *Schedule A/B*: **6.1** | $1,750.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(1)** |
| **Various electronics listed on Schedule A: No. 7**<br>Line from *Schedule A/B*: **7.1** | $650.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **NYCPLR § 5205(a)(5)** |

Debtor 1  **Kelley Andree Raphael**  Case number (if known) **20-70162**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Various articles of clothing listed on Schedule A: No. 11**<br>Line from *Schedule A/B*: **11.1** | $600.00 | ■ | 100% | **NYCPLR § 5205(a)(5)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Various jewelry listed on Schedule A: No. 12**<br>Line from *Schedule A/B*: **12.1** | $625.00 | ■ | 100% | **NYCPLR § 5205(a)(6)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Blood pressure wrist monitor and blood glucose monitor**<br>Line from *Schedule A/B*: **14.1** | $265.00 | ☐ | | **NYCPLR § 5205(h)(1)** |
| | | ■ | 100% of fair market value, up to any applicable statutory limit | |
| **401(k): Fidelity**<br>Line from *Schedule A/B*: **21.1** | $258,645.95 | ■ | 100% | **NYCPLR § 5205(e)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Unliquidated claim against Autosource I, Inc. in connection with the Debtor's purported guarantee of various trade debt.**<br>Line from *Schedule A/B*: **34.1** | Unknown | ■ | Any recovery "under a crime victim's reparation law." | **Debtor & Creditor Law § 282(3)(i), NY Exec Law § 632** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☐ Yes