**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

KELLEY ANDREE RAPHAEL,

                Debtor.

Chapter 7

Case No. 20–70162 (AST)

## NOTICE OF PRESENTMENT OF MOTION
## TO AVOID JUDICIAL LIEN OF CITIZENS BANK, N.A.

       **PLEASE TAKE NOTICE** that upon the annexed *Motion to Avoid Judicial Lien of Citizens Bank, N.A.* (the "**Motion**") of Kelley Andree Raphael (the "**Debtor**"), the undersigned will present a proposed *Order Avoiding Judicial Lien Pursuant to 11 U.S.C. § 522(f)*, substantially in the form annexed to the Motion as *Exhibit A* (the "**Proposed Order**"), to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, for signature on **June 28, 2021 at 12:00 p.m. (prevailing Eastern Time)**.

       **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion and/or the Proposed Order, shall be in writing, filed with the Court in accordance with the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Bankruptcy Rules for the Eastern District of New York and served upon (i) Rosen & Associates, P.C., counsel to the Debtor, 747 Third Avenue, New York, NY 10017-2803, Attn.: Sanford P. Rosen, Esq.; (ii) the

Office of the U.S. Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn.: Stan Y. Yang, Esq.; and (iii) all other parties-in-interest who have requested notice pursuant to Bankruptcy Rule 2002, so as to be received no later than **5:00 p.m. on June 25, 2021 (prevailing Eastern Time)** (the "**Objection Deadline**"). Unless objections are received by the Objection Deadline, the Proposed Order may be granted without further notice or a hearing.

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.

Dated: New York, New York
      June 8, 2021

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*

By: */s/ Sanford P. Rosen*
      Sanford P. Rosen

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Sanford P. Rosen
Paris Gyparakis

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>KELLEY ANDREE RAPHAEL,<br><br>                              Debtor. | Chapter 7<br><br>Case No. 20–70162 (AST) |

## MOTION TO AVOID JUDICIAL LIEN OF CITIZENS BANK, N.A.

TO THE HONORABLE ALAN S. TRUST,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

Kelley Andree Raphael (the "**Debtor**"), through counsel, Rosen & Associates, P.C., moves this Court (the "**Motion**") for the entry of an order, substantially in the form annexed hereto as *Exhibit A*, pursuant to 11 U.S.C. § 522(f), avoiding the judicial lien of Citizens Bank, N.A. ("**Citizens**"). In support of this Motion, the Debtor submits the *Affirmation of Sanford P. Rosen Pursuant to E.D.N.Y. LBR 9013-1(g) in Support of Debtor's Motion to Avoid Judicial.* (the "**Rosen Affirmation**"), annexed hereto as *Exhibit B* and fully incorporated by reference herein, and respectfully represents as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction to consider this Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is

11 U.S.C. § 522(f), as supplemented by Rule 4003(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**" or "**Rules**") and Rule 9013-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "**Local Rules**").

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

2. Prior to the filing of this case, the Debtor's estranged husband, Wendells Raphael ("**Wendells**"), operated a car rental business at 1401 Jerusalem Avenue, Merrick, New York 11566, under the name *Autosource I Inc*. ("**Autosource**"), a New York corporation that Wendells caused to be formed for purposes of conducting such business.

3. On or around October 29, 2014, Autosource entered into an SBA-guaranteed $50,000 *Revolving Term Note* (the "**Note**") in favor of Citizens, purportedly guaranteed by the Debtor pursuant to an *Unlimited Guarantee* (the "**Purported Guarantee**"), also dated October 29, 2014[1]. A copy of the Note and the Purported Guarantee are annexed respectively as *Exhibits C & D.*

4. On or around April 30, 2016, Citizens commenced an action to collect the unpaid balance of the Note against Autosouce, as borrower, and the Debtor (together, the "**Defendants**"), as purported guarantor, in the New York State Supreme Court, County of Nassau (the "**State Court**") styled, *Citizens Bank, N.A. v. Autosource I Inc. et al* (Index No. 602752/2016) (the "**State Court Action**"). A copy of the *Summons & Complaint* in the State Court Action is annexed hereto as *Exhibit E*.

5. On August 31, 2016, the State Court entered a default judgment (the "**Default Judgment**") against the Defendants, jointly and severally, in the amount of $47,894.68,

---

[1] Upon information and belief, Wendells unlawfully used the Debtor's identity and signed the Purported Guarantee, as well as other legal documents, in the Debtor's name and without her permission.

2

and a copy of the Default Judgment was filed and entered with the Nassau County Clerk's office shortly thereafter, giving rise to a judgment lien in its favor (the "**Judgment Lien**").[2] A copy of the *Notice of Entry* of the Default Judgment is annexed hereto as *Exhibit F*.

6. The Debtor was not aware of the existence of the Note and Purported Guarantee until late 2016. *See Letter to New York State* and *Response to Opposition to Application to Vacate Default Judgment* (Case No. 16-CV-2027 (CBA) (SMG)), attached respectively as *Exhibits G & H*.

7. On April 21, 2017, the Department of Treasury attempted to collect money purportedly owed by the Debtor through wage garnishment. The Debtor objected by way of letter dated July 18, 2017, and upon review by the U.S. Secret Service Office of Investigations, Forensic Service Division of the Debtor's known writing samples, the U.S. Small Business Administration (the "**SBA**") issued a *Garnishment Hearing Decision* dated April 12, 2018 (the "**Decision**") concluding that the Debtor, in fact, ***did not*** owe the debt to the SBA. A copy of the Decision is annexed hereto as *Exhibit I*.

8. Since the entry of the Default Judgment, however, the Debtor has suffered undue financial hardship as a result of Wendells' forgeries and identity theft, and, confronted with over $1,700,000 of Autosource's debt, on January 8, 2020 (the "**Petition Date**"), the Debtor petitioned this Court for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**").

9. Allen B. Mendelsohn (the "**Trustee**") was appointed interim trustee pursuant to section 701(a)(1) of the Bankruptcy Code, and duly qualified and served as the chapter

---

[2] *See generally* CPLR 5203(a) (money judgment is "effective against the judgment creditor … from the time of the docketing of the judgment with the clerk of the county in which the [real] property is located").

3

7 trustee of the Debtor's bankruptcy estate successfully liquidating $106,327 of assets for the benefit of creditors.

10. On January 23, 2020, the Debtor filed her *Schedules of Assets and Liabilities* and her *Statement of Financial Affairs* [Doc. No. 14] (the "**Schedules**"), listing Citizens as a creditor, among others, holding a secured claim in the amount of $56,221.38. A copy of the Debtor's Schedules is annexed hereto as *Exhibit J*.

11. On October 28, 2020, the Debtor filed an amended *Schedule A/B: Property* [Doc. No. 48], scheduling her interest in certain real property located at 1517 Broadway, Hewlett NY 11557 (the "**Residence**") at $400,000; and an amended *Schedule C: Property Claimed as Exempt* [Doc. No. 48] (the "**Amended Schedules**"), claiming a New York State homestead exemption pursuant to CPLR 5206(a) in the amount of $73,560.62. A copy of the Debtor's Amended Schedules is annexed hereto as *Exhibit K*; and a copy of an appraisal of the Residence dated September 22, 2020 is annexed hereto as *Exhibit L*.

12. The Debtor's Residence is also subject to a first mortgage lien (the "**Mortgage**") held by Wells Fargo Bank, N.A. ("**Wells Fargo**"), as successor in interest to Vanguard Funding LLC.

13. As of the Petition Date, the balance due on the Mortgage was approximately $270,218.[3]

14. Through this Motion, the Debtor seeks the entry of an Order, pursuant to section 522(f) of the Bankruptcy Code, avoiding the Judgment Lien to the extent it impairs the Debtor's homestead exemption under New York State law.

---

[3] Notably, neither Citizens nor Wells Fargo filed a proof of claim despite having adequately received notice of this case.

15. For the reasons discussed below, the Debtor submits that the relief sought herein is authorized under section 522(f), and that the Motion should be granted.

## DISCUSSION

16. The homestead exemption has long-been recognized as essential to the "fresh start policy," aimed at preserving the family structure and rehabilitating debtors for value-productive participation in the economy. *See In re Rutland*, 318 B.R. 588, 590 (Bankr. M.D. Ala. 2004) (quoting *First Ala. Bank v. Renfro,* 452 So. 2d 464, 468 (Ala. 1984)).

17. Section 522(f) of the Bankruptcy Code implements this policy by permitting a debtor to avoid the fixing of a judicial lien, "on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." *See* 11 U.S.C. § 522(f)(1)(A); *In re Healey*, No. 16-70290 (AST) (Bankr. E.D.N.Y. Oct. 24, 2017); *In re Conte,* No. 11-77836 (AST), 2012 WL 1865423, at *2 (Bankr. E.D.N.Y. May 21, 2012).

18. Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." *See* 11 U.S.C. § 522(f)(2)(A).

19. Consequently, "[u]nder §522(f)(2)(A) the question of 'impairment' is to be determined by a purely mathematical, 'bright line' formula…" *In re Newell*, 311 B.R. 268, 270 (Bankr. D. Colo. 2004) (citing *In re Pepper*, 210 B.R. 480 (Bankr. D. Colo.1997)); *In re Kolich*, 273 B.R. 199 (8th Cir. BAP 2002), *aff'd*, 328 F.3d 406 (8th Cir. 2003); *In re Holland*, 151 F.3d 546 (6th Cir.1998).

# APPLICATION OF BANKRUPTCY CODE SECTION 522(f)

20. Here, there is no dispute that the Default Judgment is a "judicial lien," defined under section 101(36) of the Bankruptcy Code as a lien, "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding,"[4] as it is well settled that under New York law, "[o]nce docketed, a judgment becomes a lien on the real property of the debtor in that county." *In re Ideal Mortg. Bankers, Ltd.,* 539 B.R. 409, 427 (Bankr. E.D.N.Y. 2015), *aff'd sub nom. Holzer v. Barnard,* No. 15-CV-6277 (JFB), 2016 WL 4046767 (E.D.N.Y. July 27, 2016); *Schiff Food Prods., Co., Inc. v. M & M Imp. Exp.,* 84 A.D.3d 1346, 924 N.Y.S.2d 158 (N.Y.App.Div.2011) (*quoting Matter of Soressi v. SWF, L.P.,* 81 A.D.3d 1143, 1144, 916 N.Y.S.2d 349 (N.Y.App.Div.2011). *See also* CPRL § 5018(a); *1256 Hertel Ave. Assocs., LLC v. Calloway,* 761 F.3d 252, 262 n. 6 (2d Cir.2014).

21. The application of the formula prescribed under section 522(f) is also straightforward:

| Fair Market Value of Residence | $ | 400,000.00 |
|---|---|---|
| First Mortgage (Wells Fargo) | $ | 270,218.00 |
| Judicial Lien | $ | 56,221.38 |
| **Net Equity** | **$** | **73,560.62**[5] |

22. Thus, the amount calculated pursuant to sections 522(f)(2)(A)(i), (ii) and (iii) of the Bankruptcy Code exceeds the value of the Debtor's interest in the Residence by $96,439.38, which is $40,218.00 more than the total amount of Citizen's Judicial Lien.

---

[4] 11 U.S.C. § 101(36)
[5] Which is consistent with the amount claimed as exempt on the Debtor's Amended Schedules.

23. Consequently, the Judicial Lien can be avoided in the full amount of $56,221.38.

**WHEREFORE**, the Debtor respectfully requests that this Court: (a) enter an order pursuant to section 522(f) of the Bankruptcy Code avoiding the Judicial Lien in the amount of $56,221.38; and (b) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 8, 2021

**ROSEN & ASSOCIATES, P.C.**
*Counsel to the Debtor*

By: */s/ Sanford P. Rosen*
Sanford P. Rosen
Paris Gyparakis

747 Third Avenue
New York, NY 10017-2803
(212) 223-1100